UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

RICHARD E. MCDONALD, ET AL.,

Defendants.

C.A. No.   09-1685

## FINAL JUDGMENT AS TO DEFENDANT DEANNA J. SERUGA

The Securities and Exchange Commission having filed a Complaint and Defendant

Deanna J. Seruga ("Defendant") having entered a general appearance; consented to the Court's

jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final

Judgment without admitting or denying the allegations of the Complaint (except as to

jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal

from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and

Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section

10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and

Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or

instrumentality of interstate commerce, or of the mails, or of any facility of any national

securities exchange, in connection with the purchase or sale of any security:

(a)   to employ any device, scheme, or artifice to defraud;

(b)   to make any untrue statement of a material fact or to omit to state a material fact

necessary in order to make the statements made, in the light of the circumstances

under which they were made, not misleading; or

(c)   to engage in any act, practice, or course of business which operates or would

operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

and Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities

Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the

use of any means or instruments of transportation or communication in interstate commerce or by

use of the mails, directly or indirectly:

(a)   to employ any device, scheme, or artifice to defraud;

(b)   to obtain money or property by means of any untrue statement of a material fact

or any omission of a material fact necessary in order to make the statements

made, in light of the circumstances under which they were made, not misleading;

or

(c)   to engage in any transaction, practice, or course of business which operates or

would operate as a fraud or deceit upon the purchaser.

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)] and Rules 13b2-1 and 13b2-2(b) promulgated thereunder [17 C.F.R. §§ 240.13b2-1 and 240.13b2-2(b)] by:

(a)  knowingly circumventing or knowingly failing to implement a system of internal accounting controls or knowingly falsifying any book, record or account described in Section 13(b)(2) of the Exchange Act;

(b)  directly or indirectly falsifying or causing to be falsified, any book, record or account subject to Section 13(b)(2)(A) of the Exchange Act; and

(c)  directly or indirectly taking any action to coerce, manipulate, mislead, or fraudulently influence any independent public or certified public accountant engaged in the performance of an audit or review of any financial statement of an issuer that is required to be filed with the Commission, or otherwise, if such action could result in rendering the financial statement materially misleading.

### IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from aiding and abetting any violations of

Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1 and 13a-13

thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1 and 240.13a-13] ] by knowingly providing

substantial assistance to an issuer which has a class of securities registered pursuant to Section 12

of the Exchange Act [15 U.S.C. §78l], or that is required to file reports pursuant to Section 15(d)

of the Exchange Act [15 U.S.C. § 78o(d)], that files annual and quarterly reports that are

inaccurate or that fail to contain material information necessary to make required statements, in

light of the circumstances under which they are made, not misleading.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

is liable for disgorgement of $383,662, together with prejudgment interest thereon in the amount

of $122,847, for a total of $506,509.  Based on Defendant's sworn representations in her

Statement of Financial Condition and sworn testimony dated January 20, 2009, and other

documents and information submitted to the Commission, however, the Court is not ordering

Defendant to pay a civil penalty and payment of disgorgement and prejudgment interest thereon

is waived.  The determination not to impose a civil penalty and to waive payment of

disgorgement and prejudgment interest is contingent upon the accuracy and completeness of

Defendant's Statement of Financial Condition, sworn testimony, and other documents and

information submitted to the Commission.  If at any time following the entry of this Final

Judgment the Commission obtains information indicating that Defendant's representations to the

Commission concerning her assets, income, liabilities, or net worth were fraudulent, misleading,

inaccurate, or incomplete in any material respect as of the time such representations were made,

the Commission may, at its sole discretion and without prior notice to Defendant, petition the

Court for an order requiring Defendant to pay the unpaid portion of the disgorgement,

prejudgment and post-judgment interest thereon, and the maximum civil penalty allowable under

the law.  In connection with any such petition, the only issue shall be whether the financial

information provided by Defendant was fraudulent, misleading, inaccurate, or incomplete in any

material respect as of the time such representations were made.  In its petition, the Commission

may move this Court to consider all available remedies, including, but not limited to, ordering

Defendant to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt

of this Final Judgment.  The Commission may also request additional discovery.  Defendant may

not, by way of defense to such petition:  (1) challenge the validity of the Consent or this Final

Judgment; (2) contest the allegations in the Complaint filed by the Commission; (3) assert that

payment of disgorgement, prejudgment and post-judgment interest or a civil penalty should not

be ordered; (4) contest the amount of disgorgement and prejudgment and post-judgment interest;

(5) contest the imposition of the maximum civil penalty allowable under the law; or (6) assert

any defense to liability or remedy, including, but not limited to, any statute of limitations defense.

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the

Consent is incorporated herein with the same force and effect as if fully set forth herein, and that

Defendant shall comply with all of the undertakings and agreements set forth therein.

VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that this Court

shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final

Judgment.

Dated: January 4, 2010, 2009x          /s/ Joy Flowers Conti
                                        UNITED STATES DISTRICT JUDGE